IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-00223-03-CR-W-BCW |
| | ) | |
| NKOSI GRAY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Nkosi Gray's Motion to Dismiss Count Two of the Indictment (doc #348). The government has filed a brief in opposition (doc #350) and defendant has filed a reply brief (doc #367). For the reasons set forth below, it is recommended that defendant's motion to dismiss be denied.

I. INTRODUCTION

On September 21, 2011, the Grand Jury returned a seventy-two count indictment against Gerald A. Poynter, II, Earl Lee Davis, Nkosi Gray, Billy Ray Hall, Kimberly Johnson, Kristi L. Jones, Darryl E. Larkins, Robert E. Morris, Mark J. Murray, Jeffrey A. Olson, Karen A. Olson, Shirley J. Oyer, John V. Perdido and Jennifer S. Wilson.[1] Defendant Gray is charged in Counts One and Two. The indictment provides in part:

**Background and General Allegations**

     5.    Tax on certain bonds must be paid as interest accrues. Debt issuers provide a yearly form to their bond holders called a 1099-Original Issue Discount ("OID"). Taxpayers report the interest shown on the Form 1099-OID to the

---

[1] Defendants Poynter, Davis, Jones, Morris, Murray, Jeffrey Olson, Karen Olson, Oyer, Perdido and Wilson have entered guilty pleas.

Internal Revenue Service on their income tax returns.

6. From July 1, 2008, to September 21, 2011, **POYNTER**, assisted by "branch managers" he recruited across the United States, promoted a tax refund scheme that **POYNTER** called his *1099-OID Recoupment Process*. In lectures at hotels and in homes across the country, and through conference calls, **POYNTER**, Billy Ray **HALL**, Darryl **LARKINS**, Shirley **OYER**, Robert **MORRIS**, Kimberly **JOHNSON** and others promoted this scheme, explaining to prospective clients that they could "recoup" any debt taken out in their names. Several of these presentations were recorded.

7. In essence, 1) **POYNTER** told his branch managers to recruit clients, and gather financial records of the clients' debts and spending, such as credit card statements, bank records, and mortgage statements; 2) **POYNTER**, his assistants, or his branch managers would list the gathered financial information on Forms 1099-OID (which would appear as if they had been issued by the client's creditor, bank or lender to report taxable interest income); 3) the Forms 1099-OID were filed to support the Forms 1040 if the Internal Revenue Service checked to see if a form had been issued by the institution listed on the return; and 4) the clients' 1040 tax returns were filed, fraudulently reporting over-withholding of tax on purported interest income, making them appear due a tax refund. At the beginning of the scheme, the conspirators filed the Forms 1099 by paper; later they began filing these electronically via the Internal Revenue Service's FIRE system.

\* \* \*

## GRAY

39. Former bank teller Nkosi **GRAY**, of New Fairfield, Connecticut, became a client of **POYNTER**'s. On October 17, 2008, **GRAY** received a $278,874 refund for his 2007 federal income tax return, which included fraudulent Forms OID. He had never accrued any interest income from the banks and lenders listed on his Forms 1099-OID, nor had those entities issued him the forms, nor had they paid any taxes on his behalf. **GRAY** forwarded **POYNTER** A $15,000 fee. Over the next two months, **GRAY** made 56 withdrawals from his bank account under $10,000, purposely avoiding the bank's mandatory reporting of large withdrawals. **POYNTER** recruited **GRAY** to be a branch manager, listing him on the master spreadsheet. On January 14, 2009, **GRAY** obtained a TCC number, which he used to submit fraudulent information returns on the IRS FIRE system. He continued to work with **POYNTER**. On March 6, 2009, **GRAY** sent **POYNTER** an email concerning a U.S. Department of Justice action against filers of fraudulent OID returns, with the subject line "Beware!".

\* \* \*

## COUNT ONE

54. The allegations in paragraphs 1 through 53 are hereby incorporated by reference as if fully set forth herein.

55. During the period from on or about July 1, 2008, to September 21, 2011, in the Western District of Missouri, and elsewhere, defendants GERALD A. **POYNTER**, II, EARL LEE **DAVIS**, NKOSI **GRAY**, BILLY RAY **HALL**, KIMBERLY **JOHNSON**, KRISTI L. **JONES**, JEFFREY A. **OLSON**, KAREN A. **OLSON**, SHIRLEY J. **OYER**, JOHN V. **PERDIDO**, JENNIFER S. **WILSON**, MARK J. **MURRAY**, ROBERT E. **MORRIS**, AND DARRYL E. **LARKINS**, and others known and unknown to the Grand Jury, did knowingly agree, combine, and conspire together, with each other, and with others, to defraud the Internal Revenue Service, an agency of the United States, Department of the Treasury, by obtaining and attempting to obtain the payment and allowance of false, fictitious and fraudulent claims for refunds of withheld income tax.

All in violation of Title 18, United States Code, Section 286.

## COUNTS TWO THROUGH SEVENTY-TWO

56. On or about the dates listed below for the respective counts, in the Western District of Missouri, defendants …, as named below in the specific counts, made and presented, and caused to be made and presented, and aided and abetted the same, to the Internal Revenue Service, an agency of the United States Department of the Treasury, claims against the United States for payment of tax refunds, which they knew to be false, fictitious and fraudulent, by preparing and causing to be prepared, and filing and causing to be filed, purported individual income tax returns on Forms 1040, 1040A and 1040X, for the individuals named below in the specific counts, wherein claims for income tax refunds for the amounts listed below in the specific counts were made, which claims defendants then and there knew to be false, fictitious and fraudulent.

| Count | Date Submitted | Defendants | Name on Tax Return | Type of Return | Refund Claimed |
|---|---|---|---|---|---|
| 2 | 10/03/08 | Poynter, Gray | Nkosi Gray | 1040 2007 | $283,888 |

All in violation of Title 18, United States Code, Section 287 and 2.

(Indictment at 3-4, 15-16, 21-22, 26)

Count Two charges a violation of 18 U.S.C. §§ 287 and 2. Section 287, entitled "False, fictitious or fraudulent claims" provides:

> Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

18 U.S.C. § 287. Section 2, entitled "Principals," provides:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2.

## II. DISCUSSION

Defendant Gray argues that Count Two of the Indictment should be dismissed because it violates the "'district wherein the crime was committed' guarantee of the Sixth Amendment." More specifically, defendant argues: (1) venue is not proper in the Western District of Missouri because defendant's actions took place in Connecticut; (2) venue for the conspiracy count (Count One) does not provide venue for the substantive count (Count Two); and (3) judicial estoppel[2] requires dismissal.

---

[2] Defendant's judicial estoppel claim hinges on defendant's argument that improper venue has caused him an "unfair detriment." (Motion to Dismiss Count Two of the Indictment (doc #348) at 4-5) Given the Court's findings below that based on the government's allegations of what it will prove at trial, venue in this district appears proper, defendant's claim for judicial estoppel must also fail.

4

In its response to defendant's motion to dismiss, the government explained that, in Count Two of the Indictment, defendant Gray's contacts with the Western District of Missouri were digital, rather than in person:

> 5. … The Government's charge, and the Government's evidence, is that Gray worked with Poynter via electronic communication to file, and to aid and abet the filing, of Gray's fraudulent return, including by sending electronic communications back and forth from Connecticut to the Western District of Missouri. Gray's fraudulent return was filed by Poynter or his staff from the Western District of Missouri. For venue purposes, the offense began in the District of Connecticut when Gray agreed for Poynter to file his return, and began sending Poynter information related to the fraudulent return. The offense was completed when the return was filed from the Western District of Missouri. Further, venue in an aiding and abetting charge is proper both where the accessorial acts took place and where the underlying offense took place. … So venue to prosecute Mr. Gray is properly found both in Connecticut and in Western Missouri.
>
> * * *
>
> 8. Discovery has been produced to Gray, including a memorandum of his interview by IRS-CI agents on August 24, 2010. Gray stated that at Poynter's request, Gray provided Poynter bank statements, mortgage documents and tax returns for Poynter's OID process. Gray indicated that he always dealt directly with Poynter, without intermediaries.
>
> 9. The Government's trial evidence will be that from September 4, 2008, through February 2, 2009, Gray exchanged a minimum of 19 emails with Poynter. Some contained Gray's mortgage information, 2007 tax return, and OID forms. In addition, the Government recovered approximately 135 Skype electronic communications transmissions between Poynter and Gray from October 3, 2008, through April 2009. …
>
> 10. During Gray's interview, agents showed him an email dated September 20, 2008. Gray identified it as an email he exchanged with Poynter regarding Gray's 2007 Form 1040, attaching schedules A and B. Gray reviewed the Schedule B with agents. He admitted he did not receive the listed interest income from Homeq Servicing Corp. Gray said this was not the final version of his 2007 tax return, but he admitted that Poynter submitted Gray's 2007 Form 1040 to the IRS. The Government's trial evidence will be that Gray's return was electronically sent to the IRS from an Internet Protocol address in Western Missouri, from which Poynter also filed 16 other clients' returns …. As a result of Poynter's submission of Gray's 2007 return, Gray received a refund of $278,874 from the IRS.

(Response in Opposition to Defendant Gray's Motion to Dismiss Count Two for Lack of Venue (doc #350) at 2-3, 4-5)

Initially, the Court must note that there is no summary judgment procedure in federal criminal cases. See United States v. Alvarez, 2012 WL 4794442, *2 (S.D.N.Y. Oct. 9, 2012); United States v. Williams, 2010 WL 3488131, *3 (N.D. Ga. Aug. 2, 2010). The sufficiency of a criminal indictment is determined from its face. See Williams, 2010 WL 3488131 at *3. Ordinarily, an indictment is sufficient if it alleges that the offense was committed in the district of prosecution. See Alvarez 2012 WL 4794442 at *2. If the indictment alleges that the offense was committed in the district of prosecution, a pretrial motion to dismiss for lack of venue should be denied and the question of whether the government can prove venue should be left for trial. Id. Count Two of the Indictment provides that "in the Western District of Missouri, defendants [Poynter and Gray] made and presented, and caused to be made and presented, and aided and abetted the same, to the Internal Revenue Service, an agency of the United States Department of the Treasury, claims against the United States for payment of tax refunds, which they knew to be false, fictitious and fraudulent, by preparing and causing to be prepared, and filing and causing to be filed, [a] purported individual income tax return[ ] on [Form 1040 for Nkosi Gray], wherein [a] claim[ ] for income tax refund[ ] for [$283,888 was] made, which claim[ ] defendants then and there knew to be false, fictitious and fraudulent." (emphasis supplied) Inasmuch as the indictment in this case alleged that the offense occurred within the Western District of Missouri, the indictment is properly pled and defendant Gray's motion to dismiss must fail. Whether the government will be able to meet its burden of proving venue at trial remains to be seen.

However, based on the government's allegations of what it will prove at trial, defendant's argument for dismissal based on improper venue does not appear to be well taken. In discussing arguments similar to those made in this case, the court in <u>United States v. Lopez</u>, 343 F.Supp.2d 824 (E.D. Mo. 2004), set forth the following:

> … In <u>United States v. Marchant</u>, [774 F.2d 888 (8th Cir. 1985)], a grand jury indicted the defendant for willfully attempting to evade his income taxes for two tax years, and placed venue for those offenses in the Eastern District of Arkansas. During the tax years in question, Marchant and his wife resided in the Western District of Arkansas, and held several business interests in entities in Arkansas, Missouri, and Oklahoma. He was indicted for attempting to evade a large portion of his 1977 and 1978 income taxes by preparing and causing to be prepared, and mailing and causing to be mailed in the Eastern District of Arkansas, false and fraudulent tax returns. The defendant moved to dismiss for improper venue since he engaged in no conduct relating to the filing of his returns in the Eastern District of Arkansas, and, in fact, Marchant stated and the government agreed that the defendant was not even in the Eastern District of Arkansas during the relevant time periods. The facts did, however, show that the defendant's accountant was in the Eastern District of Arkansas, and that the returns were prepared and filled out in the Eastern District of Arkansas. In holding that venue was proper in the Eastern District of Arkansas before being filed in the Western District, even though the defendant may have never physically been in that district, the court stated as follows:
>
>> The Constitution and the federal laws of the United States grant persons the right to be tried in the judicial district in which their offense occurred. [U.S. Const. Art. III, § 2; U.S. Const. amend. VI; Fed.R.Crim.P. 18.] …
>>
>> In many instances all aspects of an offense are not committed within a single district. For these 'continuing offenses' 18 U.S.C. § 3237(a) provides that 'any offense against the United States begun in one district and completed in another or committed in more than one district may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. Under this statute, the locality of a crime for the purpose of venue extends over the whole area through which force propelled by an offender operates.' <u>United States v. Johnson</u>, [323 U.S. 273 (1944)].
>>
>> The crime of willfully attempting to evade or defeat tax liability is completed when the taxpayer files the tax return with the Internal Revenue Service. Obviously the taxpayer cannot file the return until it is prepared,

> signed, and mailed. These preliminary steps often occur in districts other than that in which the taxpayer files the return. In such cases, courts recognize that the violation of § 7201 is a 'continuing offense' and the government can prosecute the taxpayer in the district where the return was prepared, signed, mailed, or filed. … Here Marchant signed and mailed his returns in the Western District of Arkansas. Only his accountant's preparation of the returns occurred in the Eastern District. However, Marchant permitted his accountant to carry false information into the Eastern District and there to prepare and attest returns understating Marchant's tax liability. Marchant therefore, propelled a force into the Eastern District as surely as had he personally prepared the returns in that district. Although Marchant's violation of § 7201 was completed in another district, it was at least set in play within the Eastern District. Consequently, it was a continuing offense and venue was proper in the Eastern District.
>
> See United States v. Marchant, 774 F.2d 888, 891-892 (8th Cir. 1985).

Lopez, 343 F.Supp.2d at 831-32. Given the government's allegations in this case that the crime was completed, that is the fraudulent tax return was filed from the Western District of Missouri, and that this filing occurred because defendant Gray "propelled a force" into the Western District of Missouri, venue in this district appears proper.

Further, defendant Gray has been charged under 18 U.S.C. § 2. "Venue in an aiding and abetting charge is also proper in the district where the substantive crimes were committed." United States v. Buttorff, 572 F.2d 619, 627 (8th Cir.), cert. denied, 437 U.S. 906 (1978). See also United States v. Kilpatrick, 458 F.2d 864, 868 (7th Cir. 1972)(18 U.S.C. § 2 "has been construed to permit the prosecution of an aider and abettor not only in the district in which he committed the accessorial acts but also in the district where the substantive crime was committed.") Given the government's allegations in this case that the fraudulent claim was filed from the Western District of Missouri, venue in this district appears proper.

## III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Nkosi Gray's Motion to Dismiss Count Two of the Indictment (doc #348).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                              */s/ Sarah W. Hays*
                                              SARAH W. HAYS
                                UNITED STATES MAGISTRATE JUDGE